Curia, per
Butler, ’J,
The only link in the chain' of plaintiff’s title that has been assailed, is the conveyance: 'from Vaughan to John Hines. It has been contended'that, it was not sufficiently proved — which depends on the-question, whether the paper was properly admissible in evidence as an ancient deed. The deed purports to have-been executed seventy-two years ago ; and,.upon inspection,, it had all the appearance of an ancient paper. Any incon-testible fact., going to shew that a deed was in existence-more than thirty years before it is offered- in evidence, will authorize its introduction as an ancient muniment of right.. Possession is that which seems to be most generally resorted to for this purpose, because it is the most usual mode of' asserting a right under legal title. This is not, however,, indispensibly necessary, according to the reason of the principle applicable to such evidence, as- recognized by modem decisions.' For if a registering officer were to-swear that a paper had been in his office for more than thirty years, or it could be made to appear that it had been recorded for that length of time, these facts must necessarily prove its previous existence.
In the case under consideration, there is no difficulty... The possession of Polly Hines, by her tenants, is .not only reconcilable with the deed to her father, but should be referred to it. The main possession being on the fifty acre-tract, can make no difference, for the deed included that,., as well as the hundred acre tract. A possession, therefore, on either tract, would fulfil the strictest requisitions-of the law. But there seems to have been clearings at! *57 least on both tracts; and at this length of time, we may-very well suppose that, these clearings were once enclosed, and were in actual possession. Besides these possessions, which must be referred to the Hines’s title, there are other circumstances which may be referred to as ancillary evidence, to shew that the deed in question was more than thirty years old. It has upon it. the probate of one of the subscribing witnesses, taken before a justice who must have been dead more than thirty years ago; such, at least, in the absence of all evidence, would be the'presumptions of the law; which are constantly reported to, to supply what may have been destroyed by the lapse of time.
The deed from Polly Hines to Etheldred King being proved to the satisfaction of all the parties, by the evidence of A. H. Fort, Esq. it presents no question for the opinion of the court. And its-existence being established, would go to confirm the previous existence of the other deed, and relieves the case from all doubt. Motion, refused.
Richardson, O’Neall, Evans and Frost, JJ. concurred.